**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-25578-BLOOM**
**Case No. 25-cv-25581-BLOOM**
**Case No. 25-cv-25583-BLOOM**
**Case No. 25-cv-25584-BLOOM**

ALLAN TEH,

     Plaintiff,

v.

LEE MELCHIONNI, *et al.*,

     Defendants.

_____/

## <u>ORDER OF REFERENCE</u>

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On November 26, 2025, Defendant Sylvia Benito ("Defendant Benito") filed a Notice of Removal pursuant to 28 U.S.C. § 1452, to remove a case pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, captioned *Teh v. Melchionni, et al.*, Case No.: 2023-004474-CA-01. The Notice of Removal asserts this Court has jurisdiction under 28 U.S.C. § 1334(b), which grants district court jurisdiction over cases "arising under [the Bankruptcy Code] or arising in or related to cases under [the Bankruptcy Code]." *See* ECF No. [1] (citing 28 U.S.C. § 1334(b)). Defendant Benito contends this case is "related to" a bankruptcy action pending in the United States Bankruptcy Court for the Eastern District of New York. *See* Amended Notice of Removal, ECF No. [8]. On December 19, 2025, this case was consolidated with three related cases, all removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and all alleged by Defendant Benito to be related to the pending bankruptcy action.[1] *See*

---

[1] *See* Notices of Removal in Case Nos. 25-cv-25578-BLOOM, 25-cv-25581-BLOOM, 25-cv-25583-BLOOM, and

Case No. 25-cv-25578-BLOOM
Case No. 25-cv-25581-BLOOM
Case No. 25-cv-25583-BLOOM
Case No. 25-cv-25584-BLOOM

ECF No. [16]. Defendant Benito then filed a Motion to Change Venue arguing the four consolidated cases should be transferred to the United States District Court for the Eastern District of New York. *See* ECF No. [21]. Plaintiff Allan Teh ("Plaintiff Teh") disputes that this Court has jurisdiction and filed Motions to Remand to State Court in each case. *See* ECF Nos. [22], [23], [24], [25].

Pursuant to the local rules of this Court, the Notices of Removal in each of the consolidated cases should have been filed in the bankruptcy court, not in this district court. As authorized by 28 U.S.C. § 157(a), the District Court for the Southern District of Florida entered Administrative Order 2012-25, Order of Reference on March 27, 2012. Pursuant to that Order and the District Court's Local Rule 87.2(a), all bankruptcy matters are automatically referred to the bankruptcy court. That Rule also specifically provides that "[t]he Order of Reference also applies to notices of removal pursuant to 28 U.S.C. § 1452(a), which shall be filed with the Clerk of the Bankruptcy Court for the Division of the District where such civil action is pending." S.D. Fla. L. R. 87.2(a). As such, the Notices of Removal in each of the consolidated cases were improperly filed in this Court.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     The Clerk of Court shall refer Case Nos. **25-cv-25578-BLOOM**, **25-cv-25581-BLOOM**, **25-cv-25583-BLOOM**, and **25-cv-25584-BLOOM** to the United States Bankruptcy Court for the Southern District of Florida.

2.     The Clerk of the Court is instructed to **CLOSE** Case Nos. **25-cv-25578-BLOOM**, **25-cv-25581-BLOOM**, **25-cv-25583-BLOOM**, and **25-cv-25584-BLOOM.**

---

25-cv-25584-BLOOM.

Case No. 25-cv-25578-BLOOM
Case No. 25-cv-25581-BLOOM
Case No. 25-cv-25583-BLOOM
Case No. 25-cv-25584-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida on March 12, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

3